IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

-----------------------------------------------------------------

| | |
|---|---|
| WASHINGTON TIMES AVIATION USA LLC, | ) |
| | ) |
| and | ) |
| | ) |
| TIMES AEROSPACE INTERNATIONAL LLC, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| DOUGLAS D.M. JOO, | ) |
| | ) |
| Defendant. | ) |

Civil Action No. 8:10-CV-0065-PJM

**JURY TRIAL DEMANDED**

-----------------------------------------------------------------

### DEFENDANT'S ANSWER AND ADDITIONAL DEFENSES
### TO PLAINTIFFS' COMPLAINT

Defendant, by and through his attorneys, hereby answers Plaintiffs' Complaint for

Conversion, Breach of Fiduciary Duty, Fraud, Breach of Contract, and Indemnity ("Complaint")

as set forth below.  Defendant restates the allegations of the Complaint for the convenience of

the parties, but by doing so does not adopt or acknowledge the validity of those allegations

except as specifically set forth herein.  Furthermore, the headings contained within the

Complaint are not substantive allegations to which an answer is required.  To the extent that the

headings are intended as substantive allegations, Defendant denies those allegations.

This is a complaint for compensatory and punitive damages arising from Defendant
Douglas M. Joo's unauthorized transfer of $21 million from his former employer, Plaintiff
Washington Times Aviation USA LLC, to an organization with which Joo had close ties and
which had no claim or right to those funds.

**ANSWER:**    Defendant admits the Complaint purports to bring claims for compensatory and

punitive damages.  Defendant denies any and all remaining allegations in this paragraph.

1.    Plaintiff Washington Times Aviation USA LLC ("WTA USA") is a Delaware
limited liability company and has its principal place of business at 3600 New York Avenue

NE, Washington, D.C.

**ANSWER NO. 1.:**    Defendant admits the allegations in this paragraph based upon information

and belief.

2.    Plaintiff Times Aerospace International LLC ("TAI") is a Delaware limited
liability company and has its principal place of business at 3600 New York Avenue NE,
Washington, D.C. TAI is the sole member and owner of WTA USA.

**ANSWER NO. 2:**    Defendant admits the allegations in this paragraph based upon information

and belief.

3.    Defendant Douglas D.M. Joo ("Joo") is domiciled in the State of Maryland and
was the president of WTA USA and TAI until October 28, 2009.

**ANSWER NO. 3:**    Defendant admits that he is domiciled in the State of Maryland and is the
former president of WTA USA and TAI.  Defendant denies the remaining allegations in this
paragraph.

4.    This Court has subject matter jurisdiction over this civil action pursuant to 28
U.S.C. § 1332(a)(1), as the matter in controversy exceeds the sum or value of $75,000,
exclusive of interests and costs, and is between citizens of different States.

**ANSWER NO. 4:**    The allegations in this paragraph assert a legal conclusion to which no

answer is required.  However, to the extent this paragraph contains any allegations that require a

response, Defendant lacks knowledge or information sufficient to form a belief about the truth of

the allegations, and therefore denies the same.

5.    This Court has personal jurisdiction over Defendant Joo pursuant to Maryland
Code § 6-102 in that Joo is domiciled in the State of Maryland.

**ANSWER NO. 5:**    The allegations in this paragraph assert a legal conclusion to which no

answer is required.  However, to the extent this paragraph contains any allegations that require a

response, Joo admits that he is domiciled in the State of Maryland.

6.    Venue is proper in this judicial district under 28 U.S.C. § 1391(a)(l) as Defendant
Joo resides in the State of Maryland.

**ANSWER NO. 6:**     The allegations in this paragraph assert a legal conclusion to which no

answer is required. However, to the extent this paragraph contains any allegations that require a

response, Joo admits that he resides in the State of Maryland.

> 7.     In 2005, Times Aviation Korea, Inc., a subsidiary of TAI, employed Sung-Jin Ahn ("Ahn") in the position of assistant to Joo.

**ANSWER NO. 7:**     Defendant admits the allegations in this paragraph.

> 8.     On October 19, 2006, Joo executed in the District of Columbia a power of attorney that appears to grant Ahn the authority to represent and act on behalf of Washington Times Korea, now named WTA USA.

**ANSWER NO. 8:**     Defendant lacks knowledge or information sufficient to form a belief

about the truth of the allegations in this paragraph concerning the execution of a power of

attorney, and therefore denies the same.  Defendant admits that Ahn had the authority to

represent and act on behalf of WTA USA.  Defendant denies any and all remaining allegations in

this paragraph.

> 9.     Under Joo's direction, Ahn managed the WTA USA bank books and corporate seal for WTA USA's bank accounts in the Republic of Korea ("Korea") following the execution of the power of attorney.

**ANSWER NO. 9:**     Defendant lacks knowledge or information sufficient to form a belief

about the truth of the allegations in this paragraph concerning the execution of a power of

attorney, and therefore denies the same.  Defendant admits that Ahn managed the WTA USA

bank books and corporate seal for WTA USA's bank accounts in Korea.  Defendant denies any

and all remaining allegations in this paragraph.

> 10.     In November 2009, WTA USA had eleven bank accounts in Korea. Two of WTA USA's accounts were US Dollar accounts, and nine accounts were Korean Won ("KRW") accounts.

**ANSWER NO. 10:**     Defendant lacks knowledge or information sufficient to form a belief

about the truth of the allegations in this paragraph, and therefore denies the same.

11.     In August 2009, the operating agreement of TAI was amended in a manner that restricted Joo's authority over the affairs of TAI, WTA USA, and other subsidiaries of TAI. A copy of the Amendment of the Operating Agreement of Times Aerospace International LLC ("the Amended TAI Operating Agreement"), dated August 14, 2009, is attached to this Complaint as Exhibit 1.

**ANSWER NO.11:**     The allegations of this paragraph concerning Defendant's authority pursuant to a purported amendment to the TAI operating agreement assert a legal conclusion to which no answer is required.  However, to the extent this paragraph contains any allegations that require a response, Defendant admits that TAI had an operating agreement.  Defendant admits that TAI's member purported to amend TAI's operating agreement in August 2009.  Defendant further states that the operating agreement and any amendments thereto speak for themselves, and denies the allegations in this paragraph to the extent that they characterize, inaccurately or selectively quote from, add emphasis to or are otherwise inconsistent with the operating agreement and any amendments thereto.  Defendant denies any and all remaining allegations in this paragraph.

12.     Paragraph 2 of the Amended TAI Operating Agreement prohibited Joo from making loans, disposing of TAI property, and taking certain other actions without the consent of One Up Enterprises, Inc., the sole member of TAI.

**ANSWER NO. 12:**     The allegations of this paragraph concerning Defendant's authority pursuant to an Amended TAI Operating Agreement assert a legal conclusion to which no answer is required.  However, to the extent this paragraph contains any allegations that require a response, Defendant admits that TAI had an operating agreement that TAI's member purported to amend.  Defendant further states that the purported Amended TAI Operating Agreement speaks for itself and denies the allegations in this paragraph to the extent that they characterize, inaccurately or selectively quote from, add emphasis to or are otherwise inconsistent with the purported Amended TAI Operating Agreement.  Defendant denies any and all remaining allegations in this paragraph.

13.     Paragraph 2 of the Amended TAI Operating Agreement further provided: "Each officer, director, manager, and employee of [TAI] shall, to the fullest extent of [his] power and ability to do so, use [his] best efforts to cause each direct and indirect subsidiary of [TAI] to refrain from and not take any of the above referenced actions without the Member's consent."

**ANSWER NO. 13:**     Defendant admits that the purported Amended TAI Operating Agreement sets forth certain terms.  Defendant states that the purported Amended TAI Operating Agreement speaks for itself and denies the allegations in this paragraph to the extent that they characterize, inaccurately or selectively quote from, add emphasis to or are otherwise inconsistent with the purported Amended TAI Operating Agreement.  Defendant denies any and all remaining allegations in this paragraph.

14.     Paragraph 2 of the Amended TAI Operating Agreement further provided: "[E]ach officer, director, manager, and employee of [TAI] that knowingly violates or causes or permits another Person to violate the above restrictions and provisions, or any other provision of the Operating Agreement, shall indemnify, defend, and hold harmless [TAI] from and against any liability, loss, payment, settlement payment, cost and expense, interest, award, judgment, damages, diminution in value, fines, fees, or other charges, including litigation expenses, arising from or related to such violation. This provision shall survive any such officer's, director's, manager's, or employee's termination or resignation from the Company."

**ANSWER NO. 14:**     Defendant admits that the purported Amended TAI Operating Agreement sets forth certain terms.  Defendant states that the purported Amended TAI Operating Agreement speaks for itself and denies the allegations in this paragraph to the extent that they characterize, inaccurately or selectively quote from, add emphasis to or are otherwise inconsistent with the purported Amended TAI Operating Agreement. Defendant denies that he was a party to or bound by the above-quoted provision.  In addition, Defendant states that the above-quoted provision is contrary to and unenforceable as a matter of both statute and public policy.  Defendant denies any and all remaining allegations in this paragraph.

15.     Joo was aware of, and agreed to comply with, the terms of the Amended TAI Operating Agreement.

**ANSWER NO. 15:**     Defendant denies the allegations in this paragraph.

16.     By a resolution on October 28, 2009, TAI terminated Joo from all positions as director and officer of TAI, WTA USA, and all other TAI subsidiaries.

**ANSWER NO. 16:**   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation concerning the date any resolution terminating Defendant from certain positions was passed, and therefore denies the same.  Defendant further states that he was terminated, without cause, from positions as director and officer of TAI and WTA USA in November 2009.  Defendant denies any and all remaining allegations in this paragraph.

17.     On November 8, 2009, counsel for TAI sent to Joo by electronic mail and personal delivery a letter formally notifying Joo of his immediate termination from all officer, director, manager, and employee positions with TAI, WTA USA, and all other subsidiaries of TAI.

**ANSWER NO. 17:**   Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations concerning the date and method of TAI's purported notice to Defendant of his termination from positions at TAI and WTA USA, and therefore denies the same.  Defendant denies that he received any notification of any purported termination from positions at TAI and WTA USA on November 8, 2009.  Defendant denies any and all remaining allegations in this paragraph.

18.     On November 9, 2009, Joo, knowing that he was unauthorized to do so, instructed Ahn to transfer funds worth approximately $21,000,000 ("the $21 million in funds") from a WTA USA account in Korea to an account of Mission Foundation for Family Federation for World Peace and Unification, a/k/a The Family Mission Foundation for World Peace and Unification ("Mission Foundation").

**ANSWER NO. 18:**   Defendant admits that he instructed Ahn to transfer approximately $21 million from WTA USA accounts to Mission Foundation accounts in accordance with the terms of a promissory note dated November 6, 2009 ("Promissory Note").  Defendant further states that the Promissory Note provided WTA USA with 6% interest on a loan to the Mission Foundation with a one-year term.  Defendant denies that he instructed Ahn to transfer the $21 million in funds knowing that he was unauthorized to do so.  Defendant lacks knowledge or

information sufficient to form a belief about the truth of the allegations concerning the account

or accounts from which the Promissory Note proceeds were withdrawn, and therefore denies the

same.  Defendant denies any and all remaining allegations in this paragraph.

19.     Ahn made the transfer of the full amount in the following manner:

a.      Ahn transferred US $7,000,000 from a WTA USA account
at Standard Chartered First Bank Korea Limited ("SC First
Bank") to a Mission Foundation account at Industrial Bank
of Korea;

b.      Ahn transferred KRW 4,357,000,000 (approximately US
$3,686,998) from a WTA USA account at SC First Bank
to a Mission Foundation account at Industrial Bank of
Korea; and

c.      Ahn transferred KRW 7,953,000,000 (approximately US
$6,730,020) and KRW 3,690,000,000 (approximately US
$3,122,567) totaling KRW 11,643,000,000 (approximately
$9,852,587) from a WTA USA account at SC First Bank
to a Mission Foundation account at Industrial Bank of
Korea.

**ANSWER NO. 19:**    Defendant admits that Ahn transferred approximately $21 million from

WTA USA accounts to Mission Foundation accounts in accordance with the terms of the

Promissory Note.  Defendant lacks knowledge or information sufficient to form a belief about

the truth of the remaining allegations, and therefore denies the same.

20.     Neither One Up Enterprises, Inc., TAI, or any other person or entity with legal
authority to do so authorized Ahn or Joo to transfer the $21 million in funds from WTA USA to
Mission Foundation. Neither Ahn nor Joo had any permission, right, or authority to transfer the
funds from WTA USA to Mission Foundation.

**ANSWER NO. 20:**    Defendant denies the allegations in this paragraph.

21.     At the time of the transfers, Joo had close personal, business, social, and religious
relationships with officers and directors of Mission Foundation.

**ANSWER NO. 21:**    Defendant admits that, as of November 9, 2009, TAI, WTA USA, and

other companies affiliated with the Unification Church International ("UCI") had business

relationships with the Mission Foundation.  Defendant further admits that he knows and shares a

religious affiliation with certain officers and directors of the Mission Foundation, as did other

officers and directors of UCI affiliated companies.  Defendant denies any and all remaining

characterizations and allegations in this paragraph.

      22.     WTA USA has demanded that Mission Foundation return the $21 million in funds, and Mission Foundation has failed to do so.

**ANSWER NO. 22:**   Defendant lacks knowledge or information sufficient to form a belief

about the truth of the allegations in this paragraph, and therefore denies the same.  Defendant

further states that the Promissory Note permits WTA USA to request early repayment of the

note.  However, in the time since Defendant was terminated from positions at WTA USA,

Defendant knows of no attempt by WTA USA to exercise its rights under the Promissory Note to

obtain the repayment of $21 million in accordance with the Promissory Note.

## COUNT I - CONVERSION

      23.     Plaintiffs restate the allegations contained in paragraphs 1 through 22 as if fully set forth herein.

**ANSWER NO. 23:**   Defendant restates the Answers contained in paragraphs 1-22 as if fully set

forth herein.

      24.     Joo caused Ahn to transfer the $21 million in bank accounts from WTA USA's bank accounts to Mission Foundation.

**ANSWER NO. 24:**   The allegations in this paragraph concerning causation assert a legal

conclusion to which no answer is required.  However, to the extent this paragraph contains any

allegations that require a response, Defendant admits that he instructed Ahn to transfer $21

million from WTA USA accounts to Mission Foundation accounts in accordance with the terms

of the Promissory Note.

      25.     Joo had no authority or right to make the transfer or to cause the transfer to be made.

**ANSWER NO. 25:**   Defendant denies the allegations in this paragraph.

26.      The $21 million in funds were the property of WTA USA.

**ANSWER NO. 26:**   The allegations in this paragraph assert a legal conclusion to which no answer is required.  However, to the extent this paragraph contains any allegations that require a response, Defendant states that he lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

27.      Mission Foundation has refused to return the funds to WTA USA.

**ANSWER NO. 27:**   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.  Defendant further states that the Promissory Note permits WTA USA to request early repayment of the note.  However, in the time since Defendant was terminated from positions at WTA USA, Defendant knows of no attempt by WTA USA to exercise its rights under the Promissory Note to obtain the repayment of $21 million.

28.      This conversion of property has caused, is causing, and will continue to cause TAI and WTA USA to suffer monetary damages in the amount of at least $21,000,000 together with interest thereon.

**ANSWER NO. 28:**   Defendant denies the allegations in this paragraph.

## COUNT II - BREACH OF FIDUCIARY DUTY

29.      Plaintiffs restate the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

**ANSWER NO. 29:**   Defendant restates the Answers contained in paragraphs 1 through 28 as if fully set forth herein.

30.      Joo owed fiduciary duties to WTA USA and TAI, including the duty to act within the authority granted him and to refrain from using TAI's and WTA USA's information, property, and documents for his own advantage or the advantage of another.

**ANSWER NO. 30:**   Defendant states that the allegations in this paragraph assert a legal conclusion to which no answer is required.  However, to the extent this paragraph contains any allegations that require a response, Defendant admits that TAI and WTA USA had operating agreements that set forth certain fiduciary duties.  Defendant further states that the TAI and WTA USA operating agreements speak for themselves, and denies the allegations in this paragraph to the extent that they characterize, inaccurately or selectively quote from, add emphasis to or are otherwise inconsistent with those operating agreements.  Defendant denies any and all remaining allegations in this paragraph.

31.     Joo breached those duties by causing Ahn to transfer the $21 million in funds to Mission Foundation.

**ANSWER NO. 31:**   Defendant denies the allegations in this paragraph.

32.     These breaches of fiduciary duty have caused, are causing and will continue to cause TAI and WTA USA to suffer monetary damages in the amount of at least $21,000,000 together with interest thereon.

**ANSWER NO. 32:**   Defendant denies the allegations in this paragraph.

## COUNT III - FRAUD

33.     Plaintiffs restate the allegations contained in paragraphs 1 through 32 as if fully set forth herein.

**ANSWER NO. 33:**   Defendant restates the Answers contained in paragraphs 1 through 32 as if fully set forth herein.

34.     Joo caused Ahn to represent to SC First Bank that Ahn was authorized to make a transfer of the $21 million in funds from WTA USA's bank accounts to Mission Foundation on November 9, 2009, when neither Joo nor Ahn had such authority.

**ANSWER NO. 34:**   Defendant denies the allegations in this paragraph.

35.     Joo knew that Ahn's representation regarding his authority was false.

**ANSWER NO. 35:**   Defendant denies the allegations in this paragraph.

36.     Joo had the intent to deceive SC First Bank into transferring WTA USA's funds to Mission Foundation when Ahn made the false representation regarding his authority.

**ANSWER NO. 36:**    Defendant denies the allegations in this paragraph.

37.    SC First Bank relied on Ahn's false representation regarding his authority when it transferred the $21 million in funds to Mission Foundation from WTA USA's bank accounts.

**ANSWER NO. 37:**    Defendant lacks knowledge or information sufficient to form a belief

about the truth of the allegations in this paragraph, and therefore denies the same.

38.    Joo should have foreseen TAI and WTA USA would suffer losses as a result of his deception.

**ANSWER NO. 38:**    Defendant denies the allegations in this paragraph.

39.    By committing this fraud, Joo has caused, is causing, and will continue to cause TAI and WTA USA to suffer monetary damages in the amount of at least $21,000,000 together with interest thereon.

**ANSWER NO. 39:**    Defendant denies the allegations in this paragraph.

## COUNT IV - BREACH OF CONTRACT

40.    Plaintiffs restate the allegations contained in paragraphs 1 through 39 as if fully set forth herein.

**ANSWER NO. 40:**    Defendant restates the Answers contained in paragraphs 1 through 39 as if

fully set forth herein.

41.    Joo agreed to be bound by the terms of the Amended TAI Operating Agreement.

**ANSWER NO. 41:**    Defendant denies the allegations in this paragraph.

42.     Joo breached the terms of the Amended TAI Operating Agreement by causing the unauthorized transfer of $ 21 million in funds to Mission Foundation.

**ANSWER NO. 42:**    Defendant denies the allegations in this paragraph.

43.    Joo's unauthorized transfer of funds to Mission Foundation has caused, is causing, and will continue to cause TAI and WTA USA to suffer monetary damages in the amount of at least $ 21,000,000 together with interest thereon.

**ANSWER NO. 43:**    Defendant denies the allegations in this paragraph.

## COUNT V - INDEMNITY

44.    Plaintiffs restate the allegations contained in paragraphs 1 through 43 as if fully set forth herein.

**ANSWER NO. 44:**   Defendant restates the Answers contained in paragraphs 1 through 43 as if fully set forth herein.

45.   Under the terms of the Amended TAI Operating Agreement, Joo is obligated to indemnify TAI for all losses and expenses "arising from or related to" the unauthorized transfer of the $ 21 million in funds to Mission Foundation.

**ANSWER NO. 45:**   The allegations of this paragraph concerning Defendant's purported indemnification obligations assert a legal conclusion to which no answer is required.  However, to the extent an answer is required, Defendant admits that the purported Amended TAI Operating Agreement includes an indemnification provision.  Defendant further states that the purported Amended TAI Operating Agreement speaks for itself, and denies the allegations in this paragraph to the extent that they characterize, inaccurately or selectively quote from, add emphasis to or are otherwise inconsistent with the operating agreement and any amendments thereto.  Defendant denies that he was a party to or bound by the above-quoted provision.  In addition, Defendant states that the above-quoted provision is contrary to and unenforceable as a mater of both statute and public policy.  Defendant denies any and all remaining allegations in this paragraph.

46.   Joo's unauthorized transfer of funds to Mission Foundation has caused, is causing, and will continue to cause TAI and WTA USA to suffer monetary losses and expenses in the amount of at least $21,000,000 together with interest thereon, and Joo must indemnify TAI and WTA USA for those losses and expenses.

**ANSWER NO. 46:**   Defendant denies the allegations in this paragraph.

### COUNT VI - PUNITIVE DAMAGES

47.   Plaintiffs restate the allegations contained in paragraphs 1 through 46 as if fully set forth herein.

**ANSWER NO. 47:**   Defendant restates the Answers contained in paragraphs 1 through 46 as if fully set forth herein.

48.      Joo acted with evil motive, actual malice, the intent to injure Plaintiff, and reckless disregard for the rights of Plaintiff in committing the conversion, fraud, and breaches of fiduciary duty and contract.

**ANSWER NO. 48:**    Defendant denies the allegations in this paragraph.

49.      Joo's conversion, fraud, and breaches of fiduciary duty were outrageous and grossly fraudulent.

**ANSWER NO. 49:**    Defendant denies the allegations in this paragraph.

## DAMAGES

WHEREFORE, Plaintiffs WTA USA and TAI pray that this Court enter judgment in their favor

and against Defendant Joo, awarding Plaintiffs the following:

(a)      compensatory damages in the amount of at least $21,000,000, together with prejudgment and post-judgment interest, in specific amounts to be determined at trial;

(b)      punitive damages in an amount to be determined at trial, but no less than $10,000,000;

(c)      Plaintiffs' costs and attorneys' fees; and

(d)      such further and alternative relief as the Court deems appropriate.

**ANSWER:**    Defendant denies that Plaintiffs are entitled to any relief.

## JURY DEMAND

Defendant demands a trial by jury on all claims so triable in the Complaint.

## DEFENDANT'S ADDITIONAL DEFENSES

In further answer to the Complaint, Defendant states that Plaintiffs' claims are barred in

whole or in part by the following defenses.  Defendant does not assume the burden of proof on

any such defenses that would otherwise rest on Plaintiffs.  Defendant has not knowingly or

intentionally waived any applicable affirmative or other defenses.  Defendant reserves the right

to amend his Answer and/or to assert and rely upon additional defenses if and when appropriate.

**FIRST DEFENSE**

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiffs' claims are barred by the business judgment rule.

**THIRD DEFENSE**

Plaintiffs' claims are barred because Defendant did not exercise unlawful control over WTA USA assets in loaning money to the Mission Foundation.

**FOURTH DEFENSE**

Plaintiffs' claims are barred because Defendant did not act with the requisite intent.

**FIFTH DEFENSE**

Plaintiffs' claims are barred because Defendant did not know any statements made by him to be false.

**SIXTH DEFENSE**

Plaintiffs' claims are barred because Defendant made no knowingly false statements intending to mislead another.

**SEVENTH DEFENSE**

Plaintiffs' claims are barred because Defendant does not control the assets at issue.

**EIGHTH DEFENSE**

Plaintiffs' claims are barred because Plaintiffs failed to make a proper demand for return of the assets.

**NINTH DEFENSE**

Plaintiffs' claims are barred by Plaintiffs' failure to mitigate damages.

**TENTH DEFENSE**

Plaintiffs are barred from recovery in whole or in part because any alleged damage was not caused by Defendant.

**ELEVENTH DEFENSE**

Plaintiffs' claims are barred because Plaintiffs suffered no damages or actual losses.

**TWELFTH DEFENSE**

Plaintiffs' claims are barred because, accepting Plaintiffs' allegations as true, once Defendant was improperly removed from office, he owed Plaintiffs no fiduciary duties.

**THIRTEENTH DEFENSE**

Plaintiffs' claims are barred because Defendant, a non-member of WTA USA and TAI, was not a party to the relevant operating agreements or any amendments thereto.

**FOURTEENTH DEFENSE**

Plaintiffs' claims are barred because Defendant received no consideration in exchange for any purported contractual obligations, including any purported indemnification obligation.

**FIFTEENTH DEFENSE**

Plaintiffs' claims are barred because Defendant's termination was illegal, for wrongful reasons, and in violation of public policy.

**SIXTEENTH DEFENSE**

Plaintiffs' claims are barred because the provision in the alleged amendment to TAI's operating agreement purporting to require Defendant to indemnify TAI under certain conditions is contrary to statute and violates public policy, and is therefore unenforceable.

**SEVENTEENTH DEFENSE**

Plaintiffs' claims are barred by the doctrines of waiver, estoppel, laches, and/or acquiescence.

## EIGHTEENTH DEFENSE

Plaintiffs' claims are barred because Defendant acted in good faith with respect to the conduct at issue.

Wherefore, Defendant requests an Order entering judgment in his favor, awarding costs and disbursements, and granting such other relief as the Court deems just and proper.

Respectfully submitted,

SIDLEY AUSTIN LLP

/s/ Thaila Sundaresan
Thomas C. Green (Federal Bar No. 03915)
Thaila Sundaresan (Federal Bar No. 28986)
Frank R. Volpe
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C.  20005-1401
(202) 736-8000
Email: tcgreen@sidley.com
tsundaresan@sidley.com
fvolpe@sidley.com

Of counsel:

Courtney A. Rosen
Matthew B. Kilby
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603
Telephone:  (312) 853-7000

*Attorneys for Defendant*

Dated:  March 11, 2010

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused true and correct copies of the foregoing Defendant's Answer and Additional Defenses to Plaintiffs' Complaint to be served upon the following Plaintiffs' counsel by mailing the same to the offices of said counsel by United States Mail, postage prepaid, on this 11th day of March 2010:

Steven M. Salky
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W., Suite 1000
Washington, DC 20036

/s/ Thaila Sundaresan
**Thaila Sundaresan**
**SIDLEY AUSTIN LLP**
**1501 K Street, N.W.**
**Washington, D.C.  20005-1401**
**(202) 736-8000**