

1800 M STREET, NW    SUITE 1000
WASHINGTON, DC  20036-5802
202.778.1800    202.822.8106 fax    www.zuckerman.com

Caroline E. Reynolds
202.778.1859
creynolds@zuckerman.com

December 13, 2010

**VIA ECF and FACSIMILE**

Hon. Charles B. Day
U.S. District Court, District of Maryland
6500 Cherrywood Lane
Greenbelt, MD 20770

       Re:    *Washington Times Aviation USA, LLC and Times Aerospace International, LLC v. Douglas D. M. Joo (Civil Action No. 10-0065)*

Dear Judge Day:

Plaintiffs and non-party UCI write to address in advance of tomorrow's hearing some of the issues raised in Defendant Joo's latest discovery letter, which was filed after 7:00 p.m. on Friday.  Other issues will be addressed in oral argument if it is necessary to do so.

As discussed below, Joo's letter offers arguments going to three of the issues that are currently before the Court and improperly raises a new motion on which he has not even attempted to confer with Plaintiffs.  None of Joo's new arguments has merit.

1. Promissory Notes from Pre-Restriction Periods

The promissory notes Joo is seeking could not possibly matter to the question of his liability for the $21 million transfer and would be extraordinarily burdensome to produce.  Joo seeks promissory notes he executed not only on behalf of the Plaintiffs but also Plaintiffs' parent UCI and an unspecified group of UCI's more than one hundred subsidiary companies dating back more than 18 years.  Joo claims to need this discovery in order to support his theory that the $21 million transfer was a "valid" loan to the Mission Foundation.  But it really doesn't matter whether the transfer was papered as a loan.  Joo had no authority to make the transfer in any form—either because he already knew he had been fired, or because the Aviation Group's Member had severely curtailed Joo's authority as of August of 2009 and had never rescinded those restrictions.  Loans made prior to August of 2009, before Joo's authority was restricted, would have no bearing on what he could do after that date.

In short, Joo's contention that discovery of pre-restriction transactions is essential to his defense is highly dubious at best.  He has never offered a cogent explanation of how this discovery relates to a legally viable defense.  Instead, the only purpose that this discovery will serve is to increase the



Hon. Charles B. Day
December 13, 2010
Page 2

costs of this litigation for Plaintiffs,[1] distract from the core issues in the case, and cause unwarranted delays.

2. Reasons for Joo's Removal from Non-Party UCI's Board of Directors

Joo's argument that Plaintiffs have "waived" their objections to discovery into the reasons for Joo's removal from the UCI Board is specious. As Exhibit 5 to Joo's letter demonstrates, Plaintiffs did not ask Mr. McDevitt about the reasons for Joo's removal from the UCI Board. Instead, Plaintiffs asked Mr. McDevitt about Joo's subsequent misconduct: namely, conspiring with others to ensure that funding to UCI ceased until Joo was returned to the Board. The fact that Joo was removed from the UCI Board on August 2, 2009 is uncontested. The reasons for Joo's removal from the Board and the specific steps leading up to it are irrelevant.

3. Cumulative Testimony About UCI's Sources of Funding

Joo devotes about half of his letter to his complaint that WTA USA's 30(b)(6) designees were unable to testify about the sources of funding to UCI.[2] Joo claims that this lack of knowledge undercuts UCI's argument that the 30(b)(6) notice to UCI is cumulative insofar as it relates to that topic. What Joo completely ignores is that he has noticed the deposition of UCI's Chief Financial Officer, who has personal knowledge about the facts relating to UCI's receipt of funds. Joo has never explained why he needs a 30(b)(6) deposition of a non-party on this or any other topic when he will also be deposing individuals with personal knowledge. In any event, Joo will obtain this testimony when the Chief Financial Officer testifies.

4. Improper New Motion to Compel

Finally, Joo also asserts a brand-new motion to compel in footnote 1 of his letter, on his Document Request Number 29. Joo has not made a single attempt to meet and confer with Plaintiffs on this request, even though Plaintiffs served their objections to the document request at issue on November 24, 2010. Joo's attempt to bootstrap his newest request into this hearing via a footnote, before a

---

[1] Contrary to Joo's argument, Mr. Seubert's possession of a handful of promissory notes (only one of which he had with him at the deposition) does nothing to assuage Plaintiffs' concerns about the burdensomeness of attempting to root out and produce every promissory note ever executed by Joo during his decades-long career with UCI and its subsidiaries. The cost of attempting to comply with Joo's extremely overbroad request far outweighs the questionable benefit that could come from the documents.

[2] While UCI did propose in its Reply in support of its motion for a protective order that WTA USA could prepare its 30(b)(6) designee to testify about the issue, WTA USA's 30(b)(6) deposition came and went while UCI's motion was still pending. Joo's counsel never attempted to reach an agreement with Plaintiffs that WTA USA would provide the testimony in lieu of UCI's 30(b)(6), and in the absence of either a ruling or an agreement, WTA USA proceeded as usual and prepared its witnesses to testify about that company's knowledge.



Hon. Charles B. Day
December 13, 2010
Page 3

motion has been briefed or filed and before the parties have even attempted to confer, violates Local Rule 104(8) and should be denied.


Respectfully submitted,



_____/s/_____
Steven M. Salky, Federal Bar No. 05611
Blair G. Brown, Federal Bar No. 07801
Caroline E. Reynolds (*pro hac vice*)
ZUCKERMAN SPAEDER LLP
1800 M Street N.W., Suite 1000
Washington, DC 20036
Tel: (202) 778-1800
Fax: (202) 822-8106

*Counsel for Plaintiffs*
*Washington Times Aviation USA LLC and*
*Times Aerospace International LLC and non-party UCI*


cc:     Matthew B. Kilby
        Courtney A. Rosen
        Frank R. Volpe